68 F.3d 480
 1995-2 Trade Cases P 71,182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MGL DISTRIBUTING, Plaintiff-Appellant,
v.
DFC CERAMICS, INC., Defendant-Appellee.
 No. 94-15172.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1995.
Decided Oct. 10, 1995.
 
 1
 Before: KOZINSKI and HAWKINS, Circuit Judges, and SILVER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 For approximately five years, MGL distributed DFC's gold assaying products in Nevada. DFC terminated the distributorship in 1989. MGL's antitrust claims are based on the injury it allegedly suffered from this termination. We review the grant of summary judgment de novo.
 
 
 4
 To survive summary judgment, an antitrust plaintiff must raise a genuine issue of fact as to whether it suffered what is known as an "antitrust injury." See Atlantic Richfield Co. v. USA Petroleum Co., 495 U.S. 328, 334 (1990). This type of injury results from the anti-competitive effect of the action complained of. Id. Where the antitrust plaintiff is a terminated distributor, it must show "that [the manufacturer's] refusal to deal was intended to or did bring about some restraint of trade beyond the loss of business suffered by the distributor or the market's loss of a distributor-competitor." Knutson v. Daily Review, Inc., 548 F.2d 795, 803 (9th Cir.1976), cert. denied, 433 U.S. 910 (1977), quoted in Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 735 (9th Cir.1987).
 
 
 5
 MGL claimed it lost $350,000 as a result of the termination. However, it did not present any evidence tending to show that this resulted from antitrust injury. As best the record reflects, MGL suffered these losses because it was denied an advantageous business opportunity. That this may have driven MGL out of the market does not turn such a lost opportunity into an antitrust injury; the antitrust laws were designed to preserve competition, not to ensure the continued success of any particular competitor. Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 488 (1977).
 
 
 6
 MGL argues that the district court improperly weighed the evidence in granting summary judgment. To the extent the district court engaged in any weighing of the evidence, it did not do so with respect to antitrust injury. Since antitrust injury is an indispensable element of an antitrust claim, any error committed as to another element is harmless.
 
 
 7
 Summary judgment was also properly granted with regard to MGL's state-law misappropriation claim. After reviewing the record, we agree there was no genuine issue of fact as to MGL's claim that DFC appropriated its proprietary information.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3